Good afternoon. We're here for our case for the afternoon, Mary Jane Sweet Spot v. City of Blue Island. And Ms. Samuels, if you'd like to approach the lecture, you may begin. All right, may it please the court. My name is Lori Samuels, and I represent the appellants in this matter. The appellate is a, in this case, is a municipality. This case was timely filed in district court due to violations of appellant's constitutional federal rights, including but not limited to discrimination and a police raid that occurred at her gathering of her business. Ms. Samuels, forgive me, this is Judge Rovner. I'm going to start you off immediately, if I may. Yes. And I will be asking Ms. Blake the very same question that I'm about to ask you. You and the defendants have both briefed this appeal, assuming it presents a Rooker-Feldman question. And I am wondering why this is a Rooker-Feldman case, as opposed to a Plaintiff's Injury case. The Plaintiff's Injury stems from the hearing officer's adverse decision. At most, the Illinois court simply failed, in my view, to correct the wrong to, the state court did not issue a judgment on the merits in this case. They didn't hear the case at all. It was a procedural defect. So there was nothing for the state court to look at. Why is this a Rooker-Feldman case? It's not a Rooker-Feldman case. I'm sorry. Can you answer my question as to why you believe this is a Rooker-Feldman case? I don't believe it's a Rooker-Feldman case. The U.S. Supreme Court has stated, as well as this court has stated in this matter, the U.S. Supreme Court held in Verizon, Maryland, that Rooker-Feldman doctrine does not apply to judicial reviews of executive or administrative actions. Do you believe this is a claim preclusion case? I don't. I think a claim preclusion would be based on if there were, the judgment was based on the merits of the case, and that did not happen here. What happened at the state court is they essentially said, we cannot hear this case because we lack subject matter jurisdiction. And now we're in the district court, and they're alleging that, the district court is alleging that we lack subject matter jurisdiction as well, and it puts us in this, like, no man's land. Suppose we see this as a case of claim preclusion. The Illinois state court said that the plaintiffs failed to exhaust their administrative remedies by not seeking review before the city council. Now, it was already too late to seek city council review by the time the circuit court ruled on the question of exhaustion. So my question now is, why should we not treat the state court's ruling as a judgment on the merits for preclusion purposes? Your Honor, the case before the municipality is of limited review. It's limited to whether or not the respondent's business license was, the denial of her business license was valid. That limited issue went up on appeal, and we're barred by the statute, statute 735 ILCS, states that administrative reviews are limited to the record of the municipality. And at the municipality level, we were only able to raise the issue regarding the license, and that's per their own ordinance. Their ordinance, the city's ordinance states that the purpose of their hearing is to determine whether or not there was a valid denial of the license. And again, that limited record went up to the state court, and the state courts are not general civil cases. They're just limited to the administrative review. So if I, so if I thought that the state court judgment is not the source of the plaintiff's injury, rather the Blue Island administrative hearing officer's decision sustaining the denial and revocation of her business license that has the plaintiff's injury, would I be wrong? You would be correct. The injury occurred at the municipal level. It did not occur at the, at the state court judgment, and that was the ruling that came out of the Seventh Circuit as well as the... Why wouldn't Gilbank control this entire appeal as regards to whether or not there's a Ricker-Feldman problem, whether or not there was a lack of subject matter jurisdiction. In the Gilbank matter... I'm sorry, Your Honor. I would have to refresh my memory with the Gilbank case. What I will say is that the Seventh Circuit as well as the Supreme Court has held in Hemmer, the court held in Hemmer that this court, there's no, there's no jurisdiction when there's no inextricably intertwined state court judgment. Haven't we already ruled that that language is no longer applicable after Gilbank? Well, I'm not certain of that, but I will, the U.S. Supreme Court case that came out of ExxonMobil states that the doctrine is limited to the injuries caused by the state court judgment itself. Our injuries did not come from the state court judgment. It came from the municipality. And also the Risen Maryland case also states that the Ricker-Feldman doctrine has no application to the judicial review of executive or administrative actions. And those are both Supreme Court cases that speak specifically to municipalities and whether or not the Ricker-Feldman doctrine applies. In Gilbank, we answered this question when we said, with respect to the third element, jurisdiction is lacking only where the state court judgment itself caused the alleged injury underlying the claim. What's your best argument for why the state court judgment itself did not cause the injury, but it was the city? It was the state court. The state court did not issue a ruling on the issue of subject, on the merits. They only issued a decision on whether or not they had jurisdiction. So they didn't even hear the case. The case wasn't heard at all. It was never heard on the merits. What's the source of her injury? The source of her injury is... I'm sorry, I spoke over Judge Rovner. Go ahead, Judge Rovner. No, you please, Judge Pryor. We have Section 1983 constitutional issues in this matter. What is the source of her injury, not what is their theory? The source of her injury are discrimination claims by the municipality, not by the state court. Okay, and so... Are you prepared to discuss Andrade and Durkin's? I'm not. Yes. You see, those two cases, Ms. Samuels, makes clear, make clear, I should say, that the plaintiff's injury in this case stems from the hearing officer's adverse decision and not the state court decision. At most, the state courts failed to remedy the injury that was inflicted by the hearing officer's decision. And for that reason, under our decision in a case called Button, the plaintiffs could have gone straight to federal court after they lost before the hearing officer, but instead decided to proceed in state court, where, of course, you lost on exhaustion grounds. Well, those are separate, these are separate and distinct federal issues before the federal court. They had nothing to do with the issue regarding the business license. I notice you're into your rebuttal time. Counsel, would you like to... I would like to reserve. Yes, thank you. All right. Thank you very much. Ms. Blake, we'll hear from you. Do you mind if we pick up right where we left off? Sure. On the other side, and asking why does Gill Bank not decide this issue for us? I think Gill Bank does control this issue. All right. And I believe that Judge Blakey's decision, while it doesn't cite Gill Bank, is very consistent with the narrow scope of the application of the Rooker-Feldman doctrine in Gill Bank. The Gill Bank court has certain requirements that must be met in order for Rooker-Feldman to apply. It's very clear from this case that those elements have all been met, which... Counsel, let's take the first element, or let's take the second element. The state court judgment must become final before the federal proceedings begin. Yes. Is that met here? It is met, Judge. On March 3rd of 22, the administrative review complaint was filed in this case. On October 5th of 2022, the circuit court denied Mary Jane's motion for reconsideration, and the judgment was final. On October 28th of 22, there was a notice of appeal, and on November 9, 2022, the federal complaint was filed in this case. So that timeline kind of raises a red flag for me. You're saying something's final before the notice of appeal. Would the Illinois state courts consider that a final judgment? So it's our contention that the state court judgment was final at the time the federal case was filed when the circuit court made the decision. Just because a decision is appealable does not negate the fact that it was a judgment. There was a final judgment made in the circuit court. But has it become final for Rooker-Feldman purposes? We believe it does, based on our review of the cases, not only Gill Bank, but the cases that have decided Rooker-Feldman thereafter in the Seventh Circuit. A state court... Let's look at element number three. I'm sorry, Judge Rovner. I was asking about still about number two. Oh, I'm sorry. If the state court judgment has become final before, and so irrespective that the case remained on appeal, it is the position of counsel that the state court judgment was final, even though there was an appeal ongoing? Well, it was a final order at the time that the federal complaint was filed. They had issued a notice of appeal, so it was appealable, but it was a final order of the circuit court. Okay. All right. Judge Rovner, go ahead. I'm sorry. Very much. Number three, the state court judgment must have caused the alleged injury underlying the federal claim. As I see it, that third element makes it quite clear that Rooker-Feldman doctrine does not apply here. The third element's injury, once again, that requirement hinges on whether the federal claim alleges an injury caused by the state court judgment or an independent prior injury that the state court failed to remedy. I do not see the state court judgment as being the source of the plaintiff's injury. It was the Blue Island administrative hearing officer's decision that sustained the denial of her business license. Pursuant to the city of Blue Island's code of ordinances, the hearing officer's decision was reviewable pursuant to the Administrative Review Complaint, which allowed her to seek review of that decision. So it's our contention that once the state court reviewed our hearing officer's decision and affirmed that decision, that was the final judgment. And without that state court decision or judgment, there would be no injury to Mary Jane. So are you suggesting that if she was able to go forward and open her business without the state court's judgment? It's our contention that if she was allowed to bring her Administrative Review Complaint in state court and received a favorable opinion from the state court judge, she would have opened her business and suffered no injury. But the state court judgment as far as causing the injury, and so is the injury that she's alleging is the revocation of her business license. And so is the suggestion that it's the state court judgment that caused the revocation of the business license? The state court judgment would either affirm or reject the decision of the hearing officer. I also want to mention, though, that the injury you have to look at in the totality of the circumstances here, it's not only the business license denial. Gill Bank, we've answered this question, is that when there is an independent prior injury that the state court failed to remedy, jurisdiction exists. That's Gill Bank, page 767. And so how do we counter that as a matter of law based on the facts we have in front of us? Well, I think what I was attempting to say, and it'll tie into your question, is that the injury in this case is not only the business license denial, it's also the request for monetary damages. In the Administrative Review Complaint in the state court, Mary Jane alleged constitutional allegations of due process, arbitrary decision making, et cetera, and requested not only a reversal of the decision that denied her a business license, but also monetary damages. These are the same exact issues that are presented in our federal complaints. But for the state's court decision that dismissed that Administrative Review Complaint, appellants would have been able to prosecute their Administrative Review Complaint and obtain rulings on their constitutional allegations and rulings on whether or not the city acted correctly in denying it a business license. Also, sorry, Judge, go ahead. Are you aware of our Button case? No, Judge, I am not. Well, in that case, a hearing officer took evidence, sustained the city's denial of a business license. The plaintiffs then petitioned for review of the hearing officer's determination in Illinois State Court. In their petition, they included a constitutional claim asserting that they'd been denied due process. And after the circuit court dismissed the case, the plaintiffs appealed to the Illinois Appellate Court, which affirmed the dismissal. Now, having availed themselves of a state court forum, which you did, you are now seeking, to my mind, a second bite at the apple in federal court. I agree with you. And I think that the facts that you just presented from the Button case are consistent with the facts here. They filed an Administrative Review Complaint. It was dismissed, brought it through the Illinois Appellate Court. They affirmed the circuit court's decision. And now we are litigating the exact same issues that were litigated before the state court. Oh, I thought they'd found that they were not able to reach the merits because they lacked subject matter jurisdiction. That's correct. But they affirmed the decision to dismiss the case for subject matter jurisdiction. The dismissal based on subject matter jurisdiction, though, Judge, does not take away the fact that the plaintiffs had the opportunity to bring their constitutional claims. I thought you were representing that they decided these issues below on the merits. I thought that's what you were suggesting. I came across that way. No, I'm sorry. That's not what I was representing. Got it. So I believe, and what our brief entails, is that the appellants here, they were state court losers. The state judgment, in our opinion and based on our interpretation of the cases, was final before this federal case was filed. So, counsel, I think you run into some problems with that with Lyons, and there's some other issues with Rooker-Feldman that we've talked about. Can you address briefly if we don't see this as a Rooker-Feldman case, is it appropriate to send it back to the district court? Is there anything we can do at this point to make a ruling on claim preclusion? So I believe it's a Rooker-Feldman case at this point in time, and not a preclusion case because the federal court decided they did not have jurisdiction. If this decision is made that this is not a Rooker-Feldman case, I believe that another disputive motion would be filed based on preclusion. And so it should go back to the district court. You don't think that's something we can do on this record? Well, I think you very much could do it on this record. I don't believe any additional discovery or anything else would be required. You have everything that you would need to make that decision. I would be happy to supplement with briefs as well. Any further questions? Okay, seeing none. Thank you so much, Ms. Blake. And you'll force rebuttal, Ms. Samuels. We'll round you up to a minute. Thank you. Thank you. I just want to reiterate that there was a prior injury. The police raid occurred before the business license was denied. And so I'd also like to state that we're not state court losers. We are municipal court losers. That limited record went up on appeal to the administrative review body, which is the state of Illinois, and they're limited to the record per statute. And I'd also like to reiterate that even if we had been successful on the state side, we still had an opportunity before this federal court on our federal issues that are separate and distinct. And we ask just that this court follows the precedent of Meyer's case, which states that a court cannot decide the merits if it lacks subject matter jurisdiction, and the Supreme Court cases that state that there was no judicial review of administrative actions. It does not apply to the Rupert Feldman Doctrine. Thank you, counsel. We'll take the case under advisement, and for this afternoon we are adjourned. Thank you.